49720. JOHNSON v. MARTIN et al.

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 4, 1974.

*L. B. Kent,* for appellant.
*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, Denney C. Galis,* for appellees.

CLARK, Judge.

Plaintiff sued two defendants, Martin and Ferguson, for injuries sustained in an automobile collision between Ferguson's vehicle in which plaintiff was a passenger and that of Martin. Both defendants answered. Additionally, Martin included in his answer a cross claim against Ferguson for property damage allegedly due to Ferguson's negligence. In connection with discovery proceedings the trial court entered an order of dismissal of plaintiff's suit without prejudice under Code Ann. § 81A-137 (d). The order detailed various defense sanctions motions and hearing notices thereon and ruled "that the answers to interrogatories propounded to the Plaintiff by the Defendants are evasive and incomplete within the meaning of Subsection (a) (2) and (3) of Section 37 of the Civil Practice Act." There was a further finding that

plaintiff had failed to make a timely response to a request for production of documents. Plaintiff then took this appeal. Each defendant moved in our court for dismissal on the basis of prematurity.

In support of their motion appellees cite Code Ann. § 81A-154 (b). The codal requirement absent from this record is italicized by us as we quote that section: "When more than one claim for relief is presented in action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The concluding words show the absence of finality.

In the case sub judice, the order dismissing the plaintiff's complaint did not adjudicate all of the claims or all of the rights and liabilities of all of the parties, for it left the defendant Martin's cross claim against the defendant Ferguson for consideration. There being no express determination and direction pursuant to this Code Section, the order was not final. *Cook v. Peeples,* 227 Ga. 473 (181 SE2d 375); *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6); *Myers v. Mobile America Corp.,* 132 Ga. App. 331. Since the appeal was premature, it must be dismissed.

*Appeal dismissed. Bell, C. J., and Quillian, J., concur.*