## 51311. WALSEY et al. v. LOCKHART.

BELL, Chief Judge.

This is a suit for damages for breach of contract. The defendants alleged that the plaintiff did not have the legal capacity to bring this action; that all parties in interest were not before the court and that joinder of other parties was necessary for just adjudication. It appears from the pleadings that the contract was between an entertainment group known as "Doctor Dan's Boogie Band" and defendants. Two members of the band, plaintiff Lockhart and another band member, executed the contract. After answer plaintiff amended his complaint alleging that all members of the band had assigned all their rights in the contract to plaintiff and attached copies of the assignments. Defendants moved for summary judgment on the ground that the action was not commenced by the real party in interest under CPA § 17 (a) (Code Ann. § 81A-117 (a)). The motion was denied and certified for review within ten days from entry of the order

of denial on June 30, 1975. *Held:*

1. Defendants are not entitled to a summary judgment. A summary judgment contemplates a judgment on the merits and cannot be used as a matter in abatement. *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459).

2. The record does not authorize a dismissal of the claim on the ground that plaintiff is not the real party in interest. Clearly, the plaintiff had as a member of the band an interest in the claim even at the time of the original complaint that was filed. But even if he could not sue in his own name, which we do not decide, the subsequent assignments brought this issue within the provisions of CPA § 17 (a) (Code Ann. § 81A-117 (a)). The latter provides in part that an action shall not be dismissed on the ground that it is not prosecuted by the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest and the ". . . ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." The assignment was a ratification. See *Smith v. Singleton,* 124 Ga. App. 394 (184 SE2d 26).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED OCTOBER 7, 1975 — DECIDED
NOVEMBER 18, 1975.

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellants.

*Charles T. Magarahan,* for appellee.