## 53454. C & S LAND, TRANSPORTATION & DEVELOPMENT CORPORATION v. GRUBBS et al.

WEBB, Judge.

This appeal arises from a petition filed in the Superior Court of Pike County by Adrian Crawford Grubbs on October 3, 1974, for confirmation of a foreclosure sale under a deed to secure debt, and also seeking to require R. D. Crawford, C & S Land & Cattle Corporation and Nettie Yarbrough as a shareholder of the cattle corporation and on behalf of all others similarly situated, and C & S Land, Transportation & Development Corporation to interplead as to their claims to the proceeds of the sale. No order was entered fixing a date by which the parties defendant were required to interplead. C & S Land, Transportation & Development Corporation, alleging that it was formerly C & S Land & Cattle Corporation, filed an answer, claim and counterclaim on October 22. On November 27 the attorney for the corporation wrote a letter to the clerk of court requesting that he dismiss the claim previously filed on its behalf "in that the interest of this corporation will presumably be well represented by the claim filed by Nettie M. Yarbrough, et al. . ." Nettie M. Yarbrough, et al. filed an answer on March 6, 1975. Crawford filed no answer. A

claim was filed also by Ruth S. Smith, W. L. Paris and Jim P. Dailey, although they were not named as defendants in the original complaint and there is nothing in the record to indicate that they filed an application to intervene or served the motion upon the parties as required by Code Ann. § 81A-124 (a), (b) and (c).

On March 17, 1975, a consent order was entered into and signed by the attorneys for Grubbs, Yarbrough, Smith, Paris and Dailey, in which the issues of confirmation of the sale and the validity of the foreclosure were abandoned, and further, that upon payment of $46,522.13 into court Grubbs be discharged. This order was not filed until November 15, 1975, and the money was paid into the registry of the court.

On October 5, 1975, prior to the filing of the consent order but almost a year after dismissing its claim, C & S through a new attorney filed an "amended answer" in which it alleged that certain proceeds paid to Grubbs by Smith, Paris and Dailey were misapplied by Grubbs' attorney in order to create a default and that the sale was improper. By counterclaim it contended that the note was not in default at the time of the sale and asked that the sale be set aside; and that the sale was voided by failure to comply with previously announced terms.

The trial court elected to treat C & S's "amended answer" as an original answer. It concluded that since the first answer had been dismissed there was nothing left to amend, but since no time limitation had been set as to when the defendants were required to interplead their claims, the "amendment" could be considered as an original answer. It held that since C & S was not a party to the consent order discharging Grubbs she was not released as to C & S; and that although no issue remained between Yarbrough and Grubbs due to the consent order, issues did remain under the interpleader action between Yarbrough and C & S. It overruled motions by C & S to dismiss Yarbrough's claim and to pay certain alleged excess funds and interest into court; and sustained Yarbrough's motion asking that the excess funds from the foreclosure be paid into the registry of the Superior Court of Fulton County, where Yarbrough had a suit pending against C & S involving the same issues. C & S appeals

this judgment.

1. C & S enumerates as error the dismissal of the interpleader action, but argues that an interpleader action could not lie in the present case because Grubbs failed to join indispensable parties to her suit. This is an affirmative defense which is required by the CPA (Code Ann. § 81A-112 (b)) to be raised in the pleadings or by proper motion, and we do not find it necessary to consider it here for the first time on appeal. Compare *S. D. H. Co. v. Stewart,* 135 Ga. App. 505, 508 (2) (218 SE2d 268) (1975). See *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (2) (173 SE2d 723) (1970); *Howland v. Weeks,* 133 Ga. App. 843, 845 (2) (212 SE2d 487) (1975).

2. Since issues remain unresolved between Yarbrough and C & S, C & S not having been a party to the consent order, the trial court did not err in refusing to dismiss her and all others similarly situated as parties defendant in the action. Interpleader provisions are remedial in nature and should be liberally construed regardless of the merits of the stakeholder's claims. *Algernon Blair, Inc. v. Trust Co. of Ga.,* 224 Ga. 118 (160 SE2d 395) (1968).

3. Overruling of the motion by C & S to pay excess funds and interest into the registry of the court was not erroneous since it appears that all the funds required by the consent order were deposited with the court on November 15, 1975.

4. We conclude that the court properly ordered the funds in issue here transferred to the clerk of the Superior Court of Fulton County so that an adjudication of the parties' interests could be made in the suit pending there. Failure to do so would have resulted in delay, excessive litigation and inordinate expense in determining the interests of the parties, and would violate the expressed purpose of the CPA to secure the just, speedy and inexpensive determination of every action. Code Ann. §§ 81A-101; 81A-118 (a); 81A-120 (a); 81A-122. See also Code §§ 37-1501; 37-1503; 37-1505.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED FEBRUARY 24, 1977.

*Arthur P. Tranakos,* for appellant.

*Richard T. Bridges, Archer, Sparrow, Barnes, Barron & Wallhausen, George N. Sparrow, Jr.,* for appellees.