62965. RIGDON et al. v. WALKER SALES & SERVICE, INC.

POPE, Judge.

Appellee brought this action against appellants to recover a deficiency judgment on a retail installment sales contract after voluntary repossession. The trial court struck one of appellants' defenses and thereafter granted appellee's motion for summary judgment. Appellants enumerate as error both of these rulings by the trial court.

The record shows that appellants purchased from Alma Tractor & Equipment Company a new 1976 GSH tobacco combine for $8,000.00. They paid $2,400.00 down and executed a retail installment sales contract for the balance. The contract included a finance charge of $1,941.67 (annual percentage rate 16.5%) and was payable in three annual installments of $2,513.89 due on the 16th day of April in 1977, 1978 and 1979. Appellants defaulted on the contract subsequent to their payment of the 1977 installment and voluntarily relinquished possession of the combine. The combine was sold at public auction for $500.00. Appellee[1] brought this action for recovery of the deficiency in the amount of $4,412.95 plus accrued interest and attorney fees. Proper notice was admitted by appellants as to both the collection of attorney fees and the time and place of the foreclosure sale. However, in their answer to this action appellants did set forth the following defenses: (a) breach of warranty of fitness for a particular purpose, (b) violation of the Retail Installment and Home Solicitation Sales Act, Code Ann. Ch. 96-9, and (c) an oral agreement that any defect in the combine would be fixed and, if not, the combine would be taken back by appellee in satisfaction of the debt.

---

[1] Appellee Walker Sales & Service, Inc. d/b/a South Georgia Truck & Tractor is the successor and assignee of Alma Tractor & Equipment Company.

1. Appellee moved to strike appellants' defense which asserted that the subject retail installment sales contract violated the Retail Installment and Home Solicitation Sales Act (hereinafter Act), Code Ann. Ch. 96-9. Appellee contended that the Act was not applicable to farm equipment such as the subject tobacco combine. We agree.

The Act "resulted from the current trend for 'consumerism,' whereby lawmakers enact protective measures which in effect have converted the caveat emptor doctrine to 'Let the seller beware,' " *Bell v. Loosier of Albany,* 137 Ga. App. 50, 57 (222 SE2d 839) (1975), vacated on other grounds, 237 Ga. 585 (229 SE2d 374) (1976), and is applicable to retail installment contracts involving the sale of "all personalty when purchased primarily for personal, family or household use . . ." Code Ann. § 96-902 (a)(1). Appellants admitted in their answer that the subject combine was purchased "for the purpose of gathering tobacco," a commercial farming operation. See *Sumner v. Adel Banking Co.,* 244 Ga. 73 (3) (259 SE2d 32) (1979); see also *Pridgen v. Murphy,* 44 Ga. App. 147 (1) (160 SE 701) (1931). Moreover, the subject contract contains a division wherein the use for which the combine was purchased may be indicated; the box therein labeled "Agriculture" has been marked, rather than a box labeled "Personal." Therefore, the Act is "inapplicable to the sale of the equipment here shown although [it] cover[s] substantially identical transactions involving something for personal, family, or household use . . ." *Smith v. Singleton,* 124 Ga. App. 394, 396 (184 SE2d 26) (1971). Since the facts of record showed to a certainty that the Act did not apply to the subject installment sale, the trial court did not err in striking this defense. Code Ann. § 81A-112 (f); see *Rhyne v. Garfield,* 236 Ga. 694 (225 SE2d 43) (1976).

2. Appellants contend that the trial court erred in granting appellee's motion for summary judgment because several material questions of fact remain unresolved.

(a) "The assertion that the [appellants] permitted repossession only on condition that it extinguish the debt, if taken as true, falls short of establishing an enforceable accord and satisfaction (see Code [Ann.] §§ 20-1201, 20-1203), for it shows nothing more than the attempted unilateral imposition without consideration of a condition contrary to the terms of the original contract recognizing the immediate right of possession upon default. The [appellants] had already legally obligated [themselves] to surrender possession upon default, and [they] agreed to do nothing more at the time of repossession. 'An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another.' " *Barnes v. Reliable Tractor Co.,* 117 Ga. App.

777 (161 SE2d 918) (1968).

(b) As noted in Division 1 of this opinion, the Retail Installment and Home Solicitation Sales Act is not applicable to the installment sales contract in this case.

(c) "Despite logical arguments to the contrary, it is settled law in this State that the usury statutes are inapplicable to a retail [installment] contract as here shown, which included a stated 'Finance Charge' . . . added to the cash balance to arrive at a ["Deferred Payment Price"] payable in [annual installments]. *Smith v. Singleton,* supra at 396; *Sumner v. Adel Banking Co.,* supra at (2b); *Napier Co. v. Trawick,* 164 Ga. 781 (1) (139 SE 552) (1927); *Richardson v. C. I. T. Corp.,* 60 Ga. App. 780 (1) (5 SE2d 250) (1939).

(d) The subject installment sales contract (the execution and genuineness of which appellants admitted) contained the following disclaimer conspicuously set forth in bold-faced type: "No representation, promise or warranty, express or implied, has been made with respect to the merchantability, suitability or fitness for purpose of the [subject tobacco combine] or otherwise unless the same is endorsed hereon in writing or is contained in a separate written instrument signed by the original Seller." There is no such written warranty in the record of this case. Therefore, as to appellants' defense of breach of warranty, the contract "met the requirements of Code [Ann.] § 109A-2—316 (3) (a) and no implied warranty arose out of the transaction, either as to merchantability under paragraph (2) of that section, which is expressly subject to paragraph (3), or as to fitness for a particular purpose under Code [Ann.] § 109A-2—315, which latter section is also subject to the exclusions and modifications permissible under Code [Ann.] § 109A-2—316." *Avery v. Aladdin Products Div.,* 128 Ga. App. 266, 267 (196 SE2d 357) (1973).

(e) Appellants admitted that the property described in the subject installment sales contract was "a new 1976 GSH Tobacco Combine Model B-60, Serial No. B601072" and that the property they purchased from Alma Tractor and accepted delivery of was a "new 1976 GSH Tobacco Combine Model B-60, Serial No. B601072." Since appellants admitted that the combine they purchased from Alma Tractor conformed to its description in the installment contract, there is no evidence of a breach of warranty pursuant to Code Ann. § 109A-2—313 (b). See *Hill Aircraft &c. Corp. v. Simon,* 122 Ga. App. 524 (2) (177 SE2d 803) (1970).

(f) Appellants finally contend that a question of fact exists as to who had "title" to the subject retail installment sales contract which shows on its face that it has been assigned to Ford Motor Credit Company (hereinafter FMCC). Indeed, the record in this case

indicates that Alma Tractor executed an assignment to FMCC of its "entire right, title and interest in and to the [subject] contract and the property described therein and authorize[d] [FMCC] to do every act and thing necessary to collect and discharge obligations arising out of or incident to said contract . . ." This issue was not raised in the trial court but is raised for the first time on appeal.

"Every action shall be prosecuted in the name of the real party in interest." Code Ann. § 81A-117 (a). ". . . [T]he true meaning of real party in interest may be summarized as follows: *An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.*" 3A Moore's Fed. Prac. 17-65, ¶ 17.07. In an action on an installment sales contract such as the one in this case, where it appears from the contract itself that the original seller of the tobacco combine (Alma Tractor) assigned all its rights, title and interest in said contract to an assignee (in this case FMCC), the assignee is the real party in interest. Accord, *Carden v. Hall,* 34 Ga. App. 806 (2) (131 SE 296) (1925); Mitchell-Huntley Cotton Co. v. Lawson, 377 FSupp. 661 (1) (M. D. Ga. 1973); Code Ann. § 3-108. Cf. *McGill v. Allis-Chalmers Credit Corp.,* 133 Ga. App. 700 (1) (212 SE2d 27) (1975). Although FMCC is not a party to this action, appellants made no objection in the trial court on the ground that this action was not prosecuted in the name of the real party in interest. See Code Ann. § 81A-117 (a).

The function of Code Ann. § 81A-117 "is simply to protect the defendant [here appellants] against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." 3A Moore's Fed. Prac. 17-9, ¶ 17.01 [8]. Therefore, a real-party-in-interest objection is similar to the defense of failure to join an indispensable party under Code Ann. § 81A-119 and may be made at any time up to and including a trial on the merits. See Code Ann. §§ 81A-112 (h); 81A-141 (b); see also *Henry v. Moister,* 155 Ga. App. 462 (1) (271 SE2d 40) (1980); *S. D. H. Co. v. Stewart,* 135 Ga. App. 505 (2) (218 SE2d 268) (1975). Such an objection is a matter in abatement and does not go to the merits of the action. *Walsey v. Lockhart,* 136 Ga. App. 624 (1) (222 SE2d 141) (1975).

Although referring to a method of pleading long since repealed by the Civil Practice Act, we believe the following principle of law enunciated by our Supreme Court to be as valid now as then and applicable to this case: "A litigant who fails to take exception to the defects in the pleading of his adversary, 'at the proper time and in the proper manner,' and permits such a time to elapse that none of the remedies allowed by law for this purpose are available to him, will be forever thereafter estopped from calling in question the soundness,

propriety, and in some cases even the legality of the judgment rendered against him. In such a case the opposite party may always avail himself of such an estoppel." *Kelly v. Strouse,* 116 Ga. 872, 874 (43 SE 280) (1902); see also Provident Tradesmens Bank &c. Co. v. Patterson, 390 U. S. 102, 110 (88 SC 733, 19 LE2d 936) (1968). Since appellants raised no real-party-in-interest objection in the trial court but asserted such an objection for the first time on appeal, we conclude that appellants have waived any objection they might have had on this ground. Accord, *Hogan v. Maxey,* 121 Ga. App. 490 (1) (174 SE2d 208) (1970); see also *Foster v. Phinizy,* 121 Ga. 673 (3) (49 SE 865) (1904); *C & S Land &c. Corp. v. Grubbs,* 141 Ga. App. 393 (1) (233 SE2d 486) (1977); *Brannon v. Whisenant,* 138 Ga. App. 627 (1) (227 SE2d 91) (1976).

The trial court did not err in entering summary judgment against appellants for any reason assigned.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 2, 1982.

*J. Laddie Boatright,* for appellants.
*M. Theodore Solomon, George L. Hart,* for appellee.