### 64018. WRIP, INC. et al. v. SLEDGER et al.

BIRDSONG, Judge.

Wrip, Inc. and one Sadow sought to purchase 150 acres of land from Mr. and Mrs. Sledger for $80,000. Following a survey, it was determined that the land offered for sale contained only approximately 128 acres. After considerable discussion and dispute over an appropriate new contract price, the Sledgers cancelled the contract and sought to return the earnest money deposit. Wrip and Sadow then brought a complaint for proration of the land contract and specific performance. A lis pendens also was placed against the real estate. The Sledgers answered the complaint generally denying all portions thereof showing liability and added a counterclaim seeking damages because the lis pendens filed against the property, allegedly without just cause, had deprived them of a sale of the same

property to a second bona fide purchaser at a price $5,000 higher than the sale price contained in the purchase contract with Wrip and Sadow.

Appellees, Mr. and Mrs. Sledger, filed a motion to dismiss for failure to state a cause of action of March 23, 1981. This motion to dismiss was granted by the trial court on January 8, 1982. Appellants filed their notice of appeal on February 1, 1982 as per Code Ann. § 6-701. No disposition was made of appellee's counterclaim. *Held:*

Mr. and Mrs. Sledger have moved to dismiss the appeal because Wrip and Sadow have not sought permission from this court to grant an immediate review of the dismissal action prior to the disposition of the Sledgers' counterclaim.

This motion is meritorious. Where a defendant's counterclaim is still pending in the trial court, an order of that court dismissing the main complaint against such defendants is not directly appealable. Code Ann. § 6-701 (a) (1); *Hubert v. Lawson,* 142 Ga. App. 573 (237 SE2d 18). Absent proper certification from the trial judge, accompanied by an application for immediate review, such an appeal is not subject to review by this court and is therefore premature. Code Ann. § 6-701 (a) (2); *Hancock v. Oates,* 244 Ga. 175, 177 (259 SE2d 437); *Ansaldi v. Dexter,* 145 Ga. App. 557 (244 SE2d 98).

*Appeal dismissed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 25, 1982.

*William M. Phillips,* for appellants.
*A. W. Cain, Jr.,* for appellees.