## 67732. WARSHAW PROPERTIES v. LACKEY.

BANKE, Judge.

Appellant initiated dispossessory proceedings against appellee on March 9, 1983, seeking, in addition to a writ of possession, a judgment for unpaid rent. Appellee voluntarily vacated the premises on March 11, 1983, but answered the summons and filed a counterclaim which is still pending below. She also moved to dismiss the appellant's claim for rent, based on a contention that the appellant was not the owner of the premises.

The affidavit in support of the summons was sworn out by J. Steven Cheatwood as attorney at law for "Warshaw Properties, Inc., d/b/a/ Midway Manor Apartments, (owner) plaintiff." After hearing evidence on the motion to dismiss, the trial court concluded that the true owners of the premises at all times pertinent to this action were Jack Zwecker, Melvin Warshaw, Joseph A. Free, Jr., Jerry Warshaw, and Mildred Nathan and that the appellant, having no title to or proprietary interest in the premises, was acting solely as their agent in bringing the action. The court offered the appellant an opportunity to amend the pleadings to substitute the true owners as plaintiffs, but counsel for appellant stated in his place that appellant did not intend to file such an amendment. Ruling that the appellee's motion to dismiss would be treated as a motion for summary judgment, the court then granted the motion and dismissed the appellant's claims. The case is now before us following the appellant's direct appeal from this order. *Held:*

Under OCGA § 9-11-17, "a real-party-in-interest objection is similar to the defense of failure to join an indispensable party under [OCGA § 9-11-19] and may be made at any time up to and including a trial on the merits. [Cits.] Such an objection is a matter in abatement and does not go to the merits of the action. [Cit.]" *Rigdon v. Walker Sales & Service*, 161 Ga. App. 459, 462 (1 (f)) (288 SE2d 711) (1982). It has often been held that "[a] summary judgment contem-

plates a judgment on the merits and cannot be used as a matter in abatement." See, e.g., *Walsey v. Lockhart*, 136 Ga. App. 624, 625 (1) (222 SE2d 141) (1975), citing *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974). Cf. *Chatham v. Royal-Globe Ins. Companies*, 135 Ga. App. 59, 61 (217 SE2d 308) (1975). It follows that summary judgment cannot properly be granted to a defendant on the basis of a real party-in-interest objection. See *Walsey v. Lockhart*, supra. When it is necessary to consider matters outside the pleadings in ruling on a motion to dismiss for failure to prosecute the action in the name of the real party-in-interest, this may instead be done under the provisions of OCGA § 9-11-43 (b). See *Kirkpatrick v. Mackey*, 162 Ga. App. 876, 877-878 (293 SE2d 461) (1982). See also *Lott v. Liberty Mutual Ins. Co.*, 154 Ga. App. 474 (1) (268 SE2d 686) (1980).

In many cases, the propriety of treating a motion to dismiss as a motion for summary judgment may be irrelevant. See, e.g., *Hammer Clinic P. C. v. Crawley*, 169 Ga. App. 778 (313 SE2d 522) (1984). However, in light of the pendency of the counterclaim in the present case, the distinction is crucial, for if the dismissal of the main action cannot properly be treated as a grant of summary judgment, it may not be appealed absent compliance with the procedures for interlocutory review set forth in OCGA § 5-6-34 (b). See OCGA § 9-11-56 (h); *Wrip, Inc. v. Sledger*, 162 Ga. App. 727, 728 (292 SE2d 871) (1982). Based on the above authorities, we hold that the dismissal of the appellant's claims by the trial court was not properly termed a grant of summary judgment and that the appeal must consequently be dismissed.

*Appeal dismissed. Shulman, P. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1984 —
REHEARING DENIED MARCH 5, 1984 — ▮▮▮▮▮▮

*J. Steven Cheatwood*, for appellant.
*Ronald P. Jayson*, for appellee.