**70706, 70707. DeKALB COUNTY TEACHERS FEDERAL CREDIT UNION v. CITIZENS & SOUTHERN NATIONAL BANK; and vice versa.**

(335 SE2d 464)

McMurray, Presiding Judge.

The Citizens and Southern National Bank (C&S) brought this action against the DeKalb County Teachers Federal Credit Union (Credit Union) in the Superior Court of Gwinnett County claiming damages for conversion. C&S alleged a superior security interest in a motor vehicle which was sold as collateral by the credit union. The credit union brought a third-party action against two individuals, Adams and Seamon. Thereupon, Adams brought a cross-claim against Seamon. C&S and the credit union submitted the main claim to the trial court upon stipulated facts. At that time, the parties entered a consent order which reads in part: "If the claim of C&S is finally adjudicated in favor of C&S, the case will subsequently be set down for a jury trial on [the credit union's] Third Party Complaint against Adams and Seamon, and on Adams' Cross-Claim against Seamon . . ." After hearing argument of counsel, the trial court found that C&S "has demonstrated that it properly perfected its security interest in the vehicle which is the subject matter of this case, and . . . the [credit union] did not possess an interest in the vehicle superior to [C&S]." The court concluded that the "sale of the vehicle constituted a conversion of the interest of [C&S] and the [credit union] is hereby found liable to [C&S] in the amount of $9,500.00." The trial court did not expressly enter judgment pursuant to OCGA § 9-11-54; nor did the parties follow the interlocutory review procedure. Nevertheless, the credit union appealed and C&S cross-appealed. *Held*:

"Where there is a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. OCGA § 9-11-54 ([formerly] Code Ann. § 81A-154). In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) ([formerly] Code Ann. § 81A-154) or there must be compliance with the requirements of OCGA § 5-6-34 (b) ([formerly] Code Ann. § 6-701) [before an appeal can be taken]. Where neither of these code sections are followed as in [these cases], the [appeals are] premature and must be dismissed. *Myers v. Mobil America Corp.*, 132 Ga. App. 331 (208 SE2d 169); *Johnson v. Martin*, 132 Ga. App. 813 (209 SE2d 256); *Hancock v. Oates*, 244 Ga. 175, 177 (259 SE2d 437)." *Spivey v. Rodgers*, 167 Ga. App. 729 (307 SE2d 677). See *Cleveland v. Watkins*, 159 Ga. App. 885 (285 SE2d 546); *Wrip, Inc. v. Sledger*, 162 Ga. App. 727 (292 SE2d 871).

*Appeals dismissed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 20, 1985.

*Walter H. Hotz, J. Tyler Tippett*, for appellant.
*Jay L. Strongwater*, for appellee.