74090. GEORGIA AMERICAN INSURANCE COMPANY
v. MILLS.
(359 SE2d 697)

McMURRAY, Presiding Judge.

Plaintiff filed this action against two insurance companies. Plaintiff's claim against defendant Georgia American Insurance Company was tried before a jury resulting in a verdict and judgment in favor of plaintiff and against this defendant. Plaintiff's original complaint names a second defendant, Southeastern Fidelity Insurance Company, which was served and filed its answer. Subsequently, and without any explanation in the record, plaintiff filed an amendment to her original complaint on which the caption indicates only one defendant, Georgia American Insurance Company. In this amendment, plaintiff

*only* struck "the figure of $75,000.00 in her complaint" and inserted in lieu thereof "the sum of $250,000.00." The record shows no participation thereafter in the case sub judice by defendant Southeastern Fidelity Insurance Company. However, as the record shows the initiation of an action against defendant Southeastern Fidelity Insurance Company and fails to show any termination of that action, it remains pending. No entry was made as to finality of the judgment in favor of plaintiff and against defendant Georgia American Insurance Company. See OCGA § 9-11-54 (b).

"Entry of judgment as to one or more but fewer than all claims or parties is not a final judgment under OCGA § 5-6-34 (a) unless the trial court makes an express entry of final judgment and determination that no just reason for delaying finality of the judgment exists. *Culwell v. Lomas &c. Co.*, 242 Ga. 242 (248 SE2d 641). Hence, where the action remains pending in the court below and no entry of finality of judgment has been made by the trial court, the appeal is premature unless appellant follows the requisites of OCGA § 5-6-35. *Ward v. Charles D. Hardwick Co.*, 149 Ga. App. 546 (254 SE2d 872). There is no certificate for immediate review nor application to this court for permission to appeal. The appeal must be dismissed. *Hardy v. Ga. Power Co.*, 151 Ga. App. 803 (261 SE2d 749)." *Sidwell v. Wheeler*, 178 Ga. App. 732, 733 (344 SE2d 527). See also *DeKalb County Teachers Fed. Credit Union v. C & S Nat. Bank*, 176 Ga. App. 120 (335 SE2d 464).

*Appeal dismissed. Sognier and Beasley, JJ., concur.*

## On Motion for Rehearing.

On motion for rehearing defendant Georgia American Insurance Company refers us to certain colloquy at trial wherein the trial court in effect rules that the pre-trial order in the case sub judice limits the action to plaintiff and defendant Georgia American Insurance Company. The trial court's ruling was over the protest of plaintiff's counsel that he had not dismissed plaintiff's action against Southeastern Fidelity Insurance Company.

Upon review of the pre-trial order we do find that defendant Southeastern Fidelity Insurance Company is omitted from the caption and that the order states in part: "Unless otherwise noted, the names of the parties as shown in the caption to this order are correct and complete and there is no question by any party as to the misjoinder or nonjoinder of any parties." However, we do not view this language as sufficient to terminate the action against defendant Southern Fidelity Insurance Company. While the pre-trial procedure under OCGA § 9-11-16 has broad general application, the method for dismissing an action is specifically provided under OCGA § 9-11-41 and

there has been no utilization of the provisions of OCGA § 9-11-41. As we do not view the dismissal of a party as being within the purview of the pre-trial procedure, the action against defendant Southeastern Fidelity Insurance Company remains pending and the statement to the contrary in the pre-trial order is incorrect and ineffectual.

*Motion for rehearing denied.*

DECIDED JUNE 24, 1987 —
REHEARING DENIED JULY 15, 1987.

*Terry A. Dillard, Bryant H. Bower*, for appellant.
*Berrien L. Sutton*, for appellee.