75309, 75310. HODGSKIN v. MARKATRON, INC. et al.;
and vice versa.
(365 SE2d 494)

SOGNIER, Judge.

Jeanette Hodgskin instituted suit against Markatron, Inc., Tim Titus and Lyle Diamond (hereinafter referred to collectively as "Markatron") to recover sales commissions allegedly due under an employment contract. The trial court found in favor of Markatron on its motion for summary judgment as to Counts III, IV and V of Hodgskin's complaint; Hodgskin appeals from that order only as to Counts III and V in Case No. 75309. Markatron cross-appeals in Case No. 75310 from the trial court's denial of its motion for substitution of party plaintiff.

The record reveals that Hodgskin and Markatron entered into an employment contract which provided that Hodgskin was to be paid "a commission on all sales procured by [her] in an amount equal to 50

percent of [Markatron's] gross profit." Hodgskin brought suit against Markatron after it began calculating "gross profits" by a method which violated the employment contract, as asserted by Hodgskin, and which resulted in reduced commission compensation for her.

1. In Case No. 75309 Hodgskin contends first that the trial court erred by granting summary judgment to Markatron on Count III of her complaint as amended in which she alleged that "[b]y withholding a part of the compensation due [Hodgskin] . . . [Markatron] has wrongfully converted to its own use not less than $8,587.45 of [Hodgskin's] personal property." Hodgskin accordingly sought damages from Markatron "in an amount not less than $8,587.45."

We do not agree with Hodgskin that the theory of conversion is applicable here and affirm the trial court's order granting summary judgment to Markatron on Count III. Hodgskin is not seeking to recover some specific money, either in certain bills or coins to which she had title, but instead seeks to recover a certain amount of money generally. There is no evidence in the record that there were ever any particular bills delivered or counted out which belonged to Hodgskin. Rather, it appears Hodgskin's claim for $8,587.45 could have been discharged by the payment of any lawful currency of the United States, whether it constituted a part of Markatron's gross profits then in hand or not. Thus, this is not such a case for which a cause of action for conversion was intended. See *Cooke v. Bryant*, 103 Ga. 727 (30 SE 435) (1898).

2. In her remaining enumeration, Hodgskin asserts error in the trial court's grant of summary judgment to Markatron on Count V of her complaint for attorney fees. Since Hodgskin acknowledges that her claim for attorney fees is based solely on her Count III conversion claim, our holding in Division 1 affirming the trial court's grant of summary judgment to Markatron as to Count III requires that we likewise affirm the trial court's grant of summary judgment to Markatron as to Count V.

3. In Case No. 75310, Markatron contends the trial court erred by denying its motion for substitution of party plaintiff asserting that Hodgskin had assigned her chose in action to Hodgskin Enterprises, Inc. In support of its motion, Markatron submitted the affidavit of its president, Titus, stating "it was [his] understanding" that Hodgskin's right to commission payments "as well as all other rights she had under her employment agreement with Markatron had been assigned to Hodgskins [sic] Enterprises, Inc." because of a letter signed by Hodgskin and her husband. The letter contained the statement that any sums from Markatron made payable personally to Hodgskin in the past and all payments in the future would "be treated as outside services paid to Hodgskin Enterprises, Inc." Both Hodgskin and her husband averred in affidavits that no assignment of any rights to

Hodgskin Enterprises, Inc. had occurred nor was such an assignment intended to result from the letter they signed which, they asserted, was intended instead to obviate the requirement that Markatron withhold F.I.C.A. and other sums from Hodgskin's commission payments.

Under OCGA § 9-11-17, a real party in interest objection is a matter in abatement and does not go to the merits of the action. See *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 462 (288 SE2d 711) (1982). "When it is necessary to consider matters outside the pleadings in ruling on a motion to dismiss for failure to prosecute the action in the name of the real party-in-interest, this may . . . be done under the provisions of OCGA § 9-11-43 (b). [Cits.]" *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482) (1984). The trial court here "correctly considered [Markatron's motion] under OCGA § 9-11-43 (b) and exercised its discretion to determine the matter by apparent consideration of evidence presented in part by deposition and affidavits. [Cit.]" *Fleming v. Caras*, 170 Ga. App. 579, 580 (317 SE2d 600) (1984); see also *Lott v. Liberty Mut. Ins. Co.*, 154 Ga. App. 474, 475 (1) (268 SE2d 686) (1980). In view of the presence of evidence explaining the nature of the letter signed by Hodgskin, which rebutted Titus' affidavit as to his "understanding" of the relationship between Hodgskin and Hodgskin Enterprises, Inc., and in the absence of evidence establishing an outright assignment by Hodgskin to Hodgskin Enterprises, Inc., we believe Hodgskin has made such affirmative showing of no assignment as to withstand Markatron's motion for substitution of party plaintiff. See *Fleming*, supra at 581. Thus, we find no error in the trial court's denial of Markatron's motion.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 26, 1988 —
REHEARING DENIED FEBRUARY 8, 1988.

*Anthony M. Thomasson, Gary W. Bross, Elizabeth Schoeff*, for appellant.

*John W. Gibson, James P. P. Dirr*, for appellees.