A92A2300. WURLITZER COMPANY v. WATSON.
(427 SE2d 555)

McMURRAY, Presiding Judge.

The Wurlitzer Company brought suit against Tom Watson, Inc., d/b/a Mid South Piano Company, Tom Watson and Judy Watson in the Superior Court of Floyd County. The complaint alleged that defendants were indebted to plaintiff, jointly and severally, pursuant to a contract, promissory note and written guaranty, in the principal amount of $35,829.23. Defendants answered the complaint, denying liability. Plaintiff moved for partial summary judgment against de-

fendants Tom Watson, Inc. and Tom Watson and the superior court granted plaintiff's motion. Thereafter, plaintiff moved for summary judgment against defendant Judy Watson.

In support of its summary judgment motion, plaintiff submitted the affidavit of Margie Hess, the plaintiff's Regional Credit Correspondent. She deposed that on July 29, 1988, plaintiff sold musical instruments to Tom Watson, Inc., d/b/a Mid South Piano Company, Tom Watson and Judy Watson, pursuant to a dealer financing and security agreement; that, on July 29, 1988, Judy Watson executed an instrument of guaranty to induce plaintiff to extend credit to Tom Watson, Inc.; that, on August 31, 1988, plaintiff extended credit to Tom Watson, Inc. in the amount of $100,000, pursuant to a revolving note; that, on May 16, 1989, Tom Watson, Inc., executed an amendment to the dealer financing and security agreement and the revolving note; and that, on the same day, Judy Watson executed a document whereby she consented to the amendment to the dealer financing and security agreement and the revolving note. Hess also averred that Tom Watson, Inc. defaulted on its obligations to plaintiff and voluntarily returned the musical instruments to plaintiff; that defendants' account was given a $55,803 credit for the returned musical instruments, leaving a $35,829.23 balance due and owing; that, on May 25, 1990, Tom Watson, Inc. executed a $35,829.23 promissory note payable to plaintiff; and that the principal amount due and owing on the account of Tom Watson, Inc. is $35,829.23. True and correct copies of the financing and security agreement, guaranty, revolving note, amendment to the agreement and note, consent of guarantors and promissory note were attached to and incorporated in Hess's affidavit.

Pursuant to the dealer financing and security agreement, the secured party, identified as the Provident Bank, agreed to lend the debtor, identified as Mid-South Piano Company, "funds which shall be advanced on Debtor's behalf to The Wurlitzer Company . . . which loans shall be in amounts equal to the total invoice price set forth in Wurlitzer invoices for merchandise purchased by Debtor." The agreement provided: "Debtor's obligations to repay such funds to Secured Party shall be evidenced by a Revolving Note. . . ." The agreement provided terms for the repayment of principal and interest. It was executed by Tom Watson and Judy Watson, as the debtor, and "The Provident Bank" and "The Wurlitzer Company — Its Agent" as the secured party.

The guaranty was addressed to the Provident Bank and was executed by Tom Watson and Judy Watson. It recited: "In order to induce you to enter into contracts with or extend credit or financing to Tom Watson, Inc., d/b/a Mid South Piano Co. (herein called DEBTOR) . . . the undersigned, jointly and severally . . . hereby ab-

solutely guarantees the full and prompt payment of any and every indebtedness, liability or obligation . . . which may now or at any time and from time to time hereafter exist or be incurred by DEBTOR to you. . . . In the event of default at any time by DEBTOR, we promise to pay such indebtedness, liability or obligation forthwith and without prior demand. . . . We consent that you may, without in any manner affecting the undersigned's liability and upon such conditions as you may deem advisable: (1) extend in whole or in part (by renewal or otherwise), modify, change or release any indebtedness, liability or obligation of DEBTOR . . . (2) sell, release, surrender, modify, exchange, substitute or . . . extend the duration or the time for the performance of payment . . . (3) settle, adjust, or compromise any of your claims against DEBTOR or any other person. The undersigned . . . hereby ratifies and confirms any such extension, renewal, modification . . . exchange, substitution, settlement, adjustment or compromise, and agrees that the same shall be binding upon the undersigned, and hereby waives any and all defenses . . . which the undersigned might or could have by reason thereof, it being understood that the undersigned, as guarantor hereunder, shall at all times be and remain liable to you."

The revolving note was executed by Tom Watson, Inc., d/b/a Mid South Piano Company. Pursuant to the note, Tom Watson, Inc. promised to pay the Provident Bank the sum of $100,000, in accordance with terms set forth in the dealer financing and security agreement. The note provided that it "must be witnessed by an authorized representative of The Provident Bank or The Wurlitzer Company."

The amendment to the note and security agreement changed the interest rate charged on the outstanding principal balance of the note and made various other changes. It was executed by Tom Watson, Inc. and by "The Provident Bank The Wurlitzer Company, Its Agent."

A "Consent of Guarantors" was attached to the amendment. It was signed by Tom Watson and Judy Watson and provided that the guarantors consent to the amendment "and acknowledge that [their] obligations under the Guaranty shall continue as stated therein."

The promissory note, in the amount of $35,829.23, called for three consecutive monthly payments of $11,943 (and change). It was signed by "Mid South Piano Company" by Tom Watson and guaranteed by Tom Watson.

Plaintiff served a request for admissions upon defendant Judy Watson. In one request, Judy Watson was asked to admit that she "is indebted to Plaintiff in the principal sum of $35,829.23, plus interest. . . ." She responded — "admitted."

Judy Watson filed a cross-motion for summary judgment. In support of her motion, and in opposition to plaintiff's motion, she sub-

mitted the affidavit of Tom Watson. He deposed that, on or about May 25, 1990, he met with a representative of plaintiff, "to discuss the renegotiation of a new debt to Wurlitzer"; that, as a representative of Tom Watson, Inc., he negotiated a "new unsecured (i.e. non-collateralized) debt amount owed from Tom Watson, Inc. to The Wurlitzer Company"; that Tom Watson, Inc. executed a new promissory note to evidence the indebtedness and that he guaranteed the new note personally; and that he was assured by the Wurlitzer representative that the new note would "just get [him]" and not Judy Watson.

The superior court denied plaintiff's motion for summary judgment against Judy Watson and granted Judy Watson's cross-motion for summary judgment. The superior court reasoned: "[T]he only guaranty that Mrs. Watson has a liability for is to the Provident Bank, the original secured party. The lawsuit does not purport to be one in which Wurlitzer was suing on behalf of Provident Bank and it does not purport to be one in which the Wurlitzer Company is suing as having an assignment of the obligation due to the Provident Bank." In so ruling, the superior court acknowledged that the parties themselves did not question whether plaintiff was the proper party to bring this action. Plaintiff appeals, enumerating error on the grant of Judy Watson's cross-motion for summary judgment and the denial of its motion for summary judgment against defendant Judy Watson. *Held*:

1. "Under OCGA § 9-11-17, 'a real-party-in-interest objection is similar to the defense of failure to join an indispensable party under (OCGA § 9-11-19) and may be made at any time up to and including a trial on the merits. (Cits.) Such an objection is a matter in abatement and does not go to the merits of the action. (Cit.)' *Rigdon v. Walker Sales & Service*, 161 Ga. App. 459, 462 (1 (f)) (288 SE2d 711) (1982). It has often been held that '(a) summary judgment contemplates a judgment on the merits and cannot be used as a matter in abatement.' See, e.g., *Walsey v. Lockhart*, 136 Ga. App. 624, 625 (1) (222 SE2d 141) (1975), citing *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974). Cf. *Chatham v. Royal-Globe Ins. Companies*, 135 Ga. App. 59, 61 (217 SE2d 308) (1975). It follows that summary judgment cannot properly be granted to a defendant on the basis of a real-party-in-interest objection. See *Walsey v. Lockhart*, supra." *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482). See also *Hodgskin v. Markatron, Inc.*, 185 Ga. App. 750, 751 (3), 752 (365 SE2d 494). The trial court erred in granting defendant Judy Watson's cross-motion for summary judgment.

2. "In form and substance an admission under [OCGA § 9-11-36] is comparable to an admission in pleadings or stipulation of facts and as such is generally regarded as a judicial admission rather than evi-

dentiary admission of a party. See 8 Wright & Miller, Federal Practice & Procedure, Civil § 2264 (1970); see generally Agnor, Use of Discovery under Georgia Civil Practice Act, § 11-2 (2d ed. 1974). A judicial admission, unless allowed to be withdrawn by the court, is conclusive whereas an evidentiary admission is not conclusive but is always subject to be contradicted or explained. 4 Wigmore, Evidence, §§ 1058, 1059 (3rd ed. 1940); McCormick, Evidence, § 262 (2d ed. 1972). Thus, it is clear that answers to interrogatories and answers to requests for admission are not on the same footing in the eyes of the law.

"Past decisions of this court have recognized the binding effects of admissions under [OCGA § 9-11-36]. In *ETI Corp. v. Hammett*, 140 Ga. App. 618 (231 SE2d 545) (1976) it was held that evidence was not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even though the substance of the matter deemed admitted had been denied in the answer to the complaint. In *National Bank of Ga. v. Great Southern Bus. Enterprises*, 130 Ga. App. 221 (202 SE2d 848) (1973), this court held that where answers to requests for admission were in fact filed after expiration of the statutory time, but without permission for late filing and where there was no motion seeking permission to withdraw the admissions resulting from the failure to timely respond, the answers could not be considered by the trial court in ruling on a motion for summary judgment." *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, 407-408 (283 SE2d 632).

In the case sub judice, defendant Judy Watson admitted, in her response to plaintiff's request for admissions, that she was indebted to plaintiff, i.e., The Wurlitzer Company, in the amount of $35,829.23, plus interest. This admission is binding upon defendant Judy Watson and no evidence can be admitted or considered to contradict it. *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, supra. It follows that the superior court erred in failing to grant plaintiff's motion for summary judgment.

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 25, 1993.

*Finestone, Morris & Wildstein, Robert D. Wildstein*, for appellant.

*Charles G. Price*, for appellee.