209 Ga. App. 883 (1993)
434 S.E.2d 820
NORTH AMERICAN LIFE & CASUALTY COMPANY, INC.
v.
RIEDL.
A93A0705.
Court of Appeals of Georgia.
Decided July 16, 1993.
Reconsideration Denied July 30, 1993.
Booth, Wade & Campbell, Douglas N. Campbell, Thomas A. Croft, for appellant.
Harry L. Trauffer, for appellee.
SMITH, Judge.
After appellee-plaintiff Frank Riedl's daughter incurred approximately $36,000 in medical expenses at Anneewakee Treatment Center in Douglasville, Georgia, Riedl brought this contract action seeking that amount as coverage under a medical benefits policy issued by appellant-defendant North American Life & Casualty Company, Inc. (insurer), and also seeking punitive damages and attorney fees. Arguing that the named insured no longer was the real party in interest, the insurer moved to dismiss on the ground that Riedl's wife, the owner of the policy, had executed an assignment of the policy benefits in favor of the health care provider. Although this motion was denied, the trial court timely certified its order for immediate review. The insurer's application for interlocutory appeal was granted by this court and a timely notice of appeal was filed.
1. The assignment of contractual benefits under the policy provided: "In consideration of the services rendered by the Anneewakee Treatment Center [regarding a specified period of treatment] ..., I hereby assign both BASIC and/or MAJOR MEDICAL to [Anneewakee] ... under [the policy issued by the insurer] ... insofar as they are necessary to cover ... [expenses]. ... [S]hould the amount be insufficient to cover the entire ... expenses, [the assignor insured] will be responsible for payment of the difference." This assignment is signed by Jean Riedl as the policyholder. The assignment purports to convey to Anneewakee all benefits accruing under the policy to the extent required by the expenses incurred. These are the only contractual damages sought. The insurer has not paid benefits to either Anneewakee or to the Riedls.
OCGA § 9-11-17 (a) provides, in part: "Every action shall be prosecuted in the name of the real party in interest." "Cases construing the real party in interest provision can be more easily understood if the concept is summarized as follows: An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced." 3A Moore's Federal Practice, Par. 17.07. (2nd ed. 1993). "The function of [OCGA § 9-11-17] is simply to protect the defendant [here appellant insurer] against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper [res judicata effect]. Therefore, a real-party-in-interest objection is similar to the defense of failure to join an indispensable party under [OCGA § 9-11-19]." (Citations and punctuation omitted; emphasis supplied.) Rigdon v. Walker Sales & Svc., 161 Ga. App. 459, 462 (2f) (288 SE2d 711) (1982).
OCGA § 9-11-19 (a) (2) (B) provides: "A person who is subject to *884 service of process shall be joined as a party in the action if... [h]e claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may ... [l]eave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." After a valid assignment of medical insurance benefits to a health care provider, the assignee/provider has a legal right which may be enforced directly against the insurer as an alleged debtor of the assignor insured. Santiago v. Safeway Ins. Co., 196 Ga. App. 480, 482 (1) (396 SE2d 506) (1990) (whole court). Compare OCGA § 9-2-20 (a).
Jean Riedl never made an assignment of the entire insurance contract nor did she expressly assign any and all causes of action. "`An assignment of property carries with it the right to the proceeds thereof, although an assignment of the expected proceeds of property gives no right to the property itself.'" Reserve Life Ins. Co. v. Peavy, 94 Ga. App. 31, 33 (1) (93 SE2d 580) (1956), citing what is now 6A CJS, Assignments, § 76. It is clear, however, that by her assignment of prospective medical care insurance benefits, the policyholder has assigned to Anneewakee at least a joint interest in the substance of the right here sought to be asserted. Under the authority of Santiago v. Safeway Ins. Co., supra at 482 (2), a debtor of the assignor, who has notice of the assignment, pays the debt to the assignor at his peril, because the assignment imposes upon the debtor an equitable and moral obligation to pay the assignee. The assignment of prospective medical benefits by the named insured under a health care insurance policy makes the assignee an indispensable party within the meaning of OCGA § 9-11-19 (a) (2) (B) in any action on the policy involving the benefits so assigned. The trial court erred in allowing the present action to be maintained solely by the assignors of the applicable policy benefits over the insurer's real-party-in-interest objection.
Vulcan Life Ins. Co. v. Davenport, 191 Ga. App. 79, 85 (6) (380 SE2d 751) (1989) does not compel a different result. OCGA § 9-11-17 (a) no longer contains the provision from former Code Annotated § 81-1307 which had been interpreted to allow an assignor, who held legal title to an insurance contract, to bring suit for the use of an assignee, who held only an equitable interest in the proceeds of the policy. See Santiago v. Safeway Ins. Co., supra at 483 (1) (Beasley, J., concurring specially).
2. OCGA § 9-11-17 (a) contains the additional proviso: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest."
*885 The judgment of the trial court is therefore vacated and the case remanded with direction that a reasonable opportunity be provided for Anneewakee Treatment Center to ratify or join the action pursuant to OCGA § 9-11-17 (a), or, upon proper motion, to be joined or substituted in accordance with OCGA § 9-11-19 (a). Allman v. Hope, 200 Ga. App. 137, 139 (1) (407 SE2d 107) (1991). The trial court is directed to permit such joinder, but upon failure of appellant to so move within 20 days of the receipt of the remittitur, a denial of the motion to dismiss on the basis of real-party-in-interest shall be entered. See Henry v. Moister, 155 Ga. App. 462, 463 (1) (271 SE2d 40) (1980).
Judgment vacated and case remanded with direction. Johnson and Blackburn, JJ., concur.