A93A1571. BUNDRAGE v. STANDARD GUARANTY INSURANCE COMPANY.
(439 SE2d 92)

BIRDSONG, Presiding Judge.

Roosevelt Bundrage appeals the grant of summary judgment to Standard Guaranty on his claim for Personal Injury Protection (PIP) benefits, for penalties and punitive damages under former OCGA § 33-34-6 (b), and, pursuant to his amended complaint, for penalties and attorney fees under former OCGA § 33-4-6. After Bundrage was injured in a covered accident, he received medical care from health care providers to whom he assigned the right to collect the PIP benefits. Standard Guaranty paid medical benefits up to a certain amount and then ceased payments. Thereafter, Bundrage filed suit to collect unpaid PIP benefits and penalties, attorney fees, and punitive damages because of untimely PIP payments.

Subsequently, Standard Guaranty moved for summary judgment contending that Bundrage was not entitled to penalties and punitive damages under former OCGA § 33-34-6 (b) because of the repeal of no-fault insurance (see *Terry v. State Farm Mut. Auto. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212)), and because Bundrage was not the real party in interest for the benefits claimed because of his assignment to the health care providers. Ultimately, the trial court granted summary judgment to Standard Guaranty because of *Terry v. State Farm Mut. Auto. Ins. Co.*, supra, and on a finding that the assignments of payment to the medical providers made them the real parties in interest, and Bundrage was then not authorized to maintain this action. The trial court's ruling on Bundrage's entitlement to PIP penalties under former OCGA § 33-34-6 is not enumerated as error and is affirmed.

Bundrage contends the trial court erred because an assignment of benefits to the medical provider does not divest Bundrage of his right

to bring such a suit. Further, Bundrage contends the action should not have been dismissed because of failure to join the real parties in interest, the medical providers, since they were third-party defendants. Moreover, Bundrage contends that he should be granted summary judgment because the evidence showed Standard Guaranty acted in bad faith as a matter of law. *Held*:

1. Bundrage correctly asserts that summary judgment should not have been granted for failure to join an indispensable party since such a defense is a matter in abatement. *Fleming v. Caras*, 170 Ga. App. 579 (317 SE2d 600).

2. We must also reverse on the merits of Standard Guaranty's motion because the trial court misapplied our decision in *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480 (396 SE2d 506). Although in *Santiago* this court held that a medical provider which had received an assignment of PIP benefits could sue the insurer for failure to pay, we did not hold that the insured could not bring such an action. Indeed, under *Vulcan Life Ins. Co. v. Davenport*, 191 Ga. App. 79, 85 (380 SE2d 751), the insured may bring an action notwithstanding his authorization of payment to the medical care providers. Nevertheless, the assignment of the medical benefits made the health care providers indispensable parties to the action within the meaning of OCGA § 9-11-19 (a) (2) (B). *North American Life &c. Co. v. Riedl*, 209 Ga. App. 883, 884 (434 SE2d 820). Therefore, the judgment of the trial court concerning the real-party-in-interest objection is reversed and remanded with direction that a reasonable opportunity be provided for the health care providers to ratify or join the action as parties plaintiff pursuant to OCGA § 9-11-17 (a), or to be joined or substituted under OCGA § 9-11-9 (a). The trial court is directed to permit such joinder, but upon appellee's failure to so move within 20 days of the receipt of the remittitur, a denial of the motion to dismiss based on the real-party-in-interest objection shall be entered. *North American Life &c. Co. v. Riedl*, supra at 885.

Moreover, since neither the repeal of PIP, nor the real-party-in-interest objection reached Bundrage's amended complaint asserting a claim under former OCGA § 33-4-6, it was error for the trial court to grant summary judgment to Standard Guaranty on this claim.

3. In view of our disposition of this appeal in Division 2, we need not address Bundrage's assertion that the medical care providers, as third-party defendants, were parties to the action sufficient to defeat Standard Guaranty's motion. See, however, OCGA § 9-11-14 (a); *Hyde v. Klar*, 168 Ga. App. 64 (308 SE2d 190).

4. Although we find that summary judgment was erroneously granted Standard Guaranty, we also find that genuine issues of material fact remain on Bundrage's entitlement to summary judgment on his claims. OCGA § 9-11-56 (e).

*Judgment affirmed in part and reversed in part with direction. Pope, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 6, 1993 —

Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Savell & Williams, Daniel N. Meyer, for appellant.

Eason, Kennedy & Associates, Richard B. Eason, Jr., McReynolds & Welch, Aubrey T. Villines, Jr., for appellee.