S93G1826. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA v. RIEDL.
(444 SE2d 736)

SEARS-COLLINS, Justice.

We granted certiorari in this case to consider whether an assignment of health care benefits under an insurance policy to a health care provider divests the assignor/insured of the right to bring an action against the insurer to collect benefits under the insurance policy. We find that it does and reverse the decision of the Court of Appeals. *North American Life &c. Co. v. Riedl*, 209 Ga. App. 883 (434 SE2d 820) (1993).

The appellee, Frank Riedl, was insured under a policy by the appellant, Allianz Life Insurance Company of North America (hereinafter "Allianz"). The policy also covered Riedl's wife and minor daughter, Jodie. In 1989, Jodie was treated at the Anneewakee Treatment Center in Douglasville, Georgia, incurring over $36,000 in charges. Upon Jodie's admission to Anneewakee, Ms. Riedl executed a document entitled, in relevant part, "ASSIGNMENT TO HOSPITAL/

PHYSICIANS." The agreement provided that

> in consideration for the services rendered by AN-NEEWAKEE TREATMENT CENTER and/or ATTEND-ING PHYSICIANS . . . [Ms. Riedl] assign[ed] both BASIC and/or MAJOR MEDICAL to [Anneewakee] . . . under the [policy] with [Allianz] . . . insofar as they are necessary to cover both BASIC and/or MAJOR MEDICAL expenses.

Riedl filed this action against Allianz, claiming, among other things, that the charges at Anneewakee were compensable under the policy.[1] Allianz moved to dismiss on the ground that Riedl was not the real party in interest. Allianz contended that Anneewakee was the real party in interest because the document executed by Ms. Riedl constituted an assignment to Anneewakee of the benefits under the policy. The trial court denied Allianz's motion, and the Court of Appeals granted Allianz's application for interlocutory appeal.

The Court of Appeals vacated the trial court's judgment, holding that the document executed by Ms. Riedl constituted an assignment of benefits due under the Allianz policy to Anneewakee, *Riedl* at 883, but that both Riedl and Anneewakee, as assignor and assignee, were indispensable parties and, as such, both had to be joined in the action, id. at 883-885. The court remanded with direction that "a reasonable opportunity be provided" the parties to comply with the opinion. We granted certiorari and now reverse.

1. The first issue for resolution is whether the document executed by Ms. Riedl is actually an assignment. We conclude that it is.

The document is entitled an "Assignment" and provides in the text that Ms. Riedl assigned "both BASIC and/or MAJOR MEDI-CAL" contractual benefits under the Allianz policy. Moreover, unlike other documents that some courts have held not to be an assignment, the document in this case does not merely direct or authorize the insurer to make direct payment to the health care provider. Such documents have been held to be a " 'mere power of attorney to the obligor . . . , empowering him to effectuate a transfer.' " *Piedmont &c. Ins. Co. v. Gunter*, 108 Ga. App. 236, 240 (2) (132 SE2d 527) (1963) (quoting 4 Corbin on Contracts 425, § 862). Accord *Jefferson Oncology v. Louisiana Health Svc. &c. Co.*, 545 S2d 1125 (La.App. 1989); *Kelly Health Care v. Prudential Ins. Co.*, 309 SE2d 305 (Va. 1983). But see,

---

[1] In addition to praying for recovery of the Anneewakee charges, Riedl alleged that Allianz "ha[d] other medical bills" in its possession and prayed that Allianz be required to pay those "other medical bills" in an amount to be recovered at trial. This opinion deals only with the Anneewakee expenses and the effect of Riedl's assignment of insurance benefits to Anneewakee and therefore does not impact Riedl's action to the extent it seeks to recover for expenses other than those incurred at Anneewakee.

e.g., *Central Collection Unit v. Columbia Medical Plan*, 478 A2d 303, 307-310 (Md. 1984); *Greater Kansas City Baptist &c. Hosp. Assn. v. Businessmen's Assur. Co.*, 585 SW2d 118 (Mo.App. 1979); *Loyola Univ. Med. Center v. Med Care HMO*, 535 NE2d 1125, 1127-1128 (Ill.App. 1989), which reached the opposite conclusion; see also *McHenry Hosp. v. Met. Life Ins. Co.*, 578 FSupp. 122, 126 (N.D. Ill. 1983). In any event, because the provision in this case speaks in terms of assignments and not merely in terms of authorizing payments, we conclude that the provision did constitute an assignment of the contractual benefits under the Allianz policy. See *Coonce v. Aetna Life Ins. Co.*, 777 FSupp. 759, 765-766 (W.D. Mo. 1991); *Hermann Hosp. v. MEBA Medical &c. Plan*, 959 F2d 569, 573 (5th Cir. 1992).

2. Having decided that Ms. Riedl did execute an assignment, we must next analyze whether the assignment of the right to benefits under the policy divested the Riedls of the right to bring an action against the insurer under the insurance policy. Although the Court of Appeals has issued several, sometimes conflicting, rulings on this issue, see *Riedl*, 209 Ga. App.; *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480 (1) (396 SE2d 506) (1990); *Vulcan Life Ins. Co. v. Davenport*, 191 Ga. App. 79, 85 (6) (380 SE2d 751) (1989); and *Reserve Life Ins. Co. v. Peavy*, 94 Ga. App. 31, 33 (1) (93 SE2d 580) (1956), for the reasons that follow, we hold that an assignment of benefits by an insured does divest the insured of the right to bring an action against the insurer.

An assignment is an "absolute, unconditional, and completed transfer of all right, title, and interest in the property that is the subject of the assignment . . . , with the concomitant total relinquishment of any control over the property." *Bank of Cave Spring v. Gold Kist*, 173 Ga. App. 679, 680 (1) (327 SE2d 800) (1985). Moreover, "[i]n the absence of a contrary intention, an assignment usually passes as incidents all ancillary remedies and rights of action which the assignor had or would have had for the enforcement of the right or chose assigned." 6A CJS 721, Assignments, § 77 (1975). Further, other courts have concluded that an assignment of insurance benefits transfers the cause of action for the benefits to the health care provider. See *Central Collection Unit*, 478 A2d at 310; *Greater Kansas City Baptist &c. Hosp. Assn.*, 585 at 119; *Coonce*, 777 FSupp. at 765-766; *Hermann Hosp.*, 959 F2d at 573; *Kennedy v. Deere & Co.*, 514 NE2d 171, 174 (Ill. 1987); *Misic v. Bldg. Svc. Employees Health &c. Trust*, 789 F2d 1374, 1378-1379 (9th Cir. 1986); *Loyola Univ. Med. Center*, 535 NE2d at 1130-1131. See also *McHenry*, 578 FSupp. at 126.

In this case, as there is no contrary intention appearing in the document executed by Ms. Riedl, we conclude that the assignment transferred to Anneewakee the right of action that the Riedls had to enforce their right to the benefits due under the policy for the ex-

penses incurred at Anneewakee and thus divested Riedl of that right of action. Significantly, this case does not raise any issues concerning whether an assignor of insurance benefits could bring a cause of action to recover those benefits if the assignee consented to the assignor bringing suit or if the assignee reassigned the benefits to the assignor or if the assignee refused or neglected to bring such an action. With regard to these situations, it has been held that

> an assignor may sue with the consent of the assignee. In some cases, under the doctrine of trustee and cestui que trust, the assignor can bring his own action in equity making the assignee a party thereto, after a refusal or neglect by his assignee to bring suit to recover the claim.
>
> . . .
>
> After a reassignment to him, the original assignor may sue as the real party in interest, but a reassignment after the commencement of the action has been held insufficient.

(Footnotes omitted.) 6A CJS 763-764, Assignments, § 104 (1975).

3. Because the assignment divested Riedl of and transferred to Anneewakee all right, title, and interest in the benefits due under the policy with Allianz, as well as the right of action necessary to enforce that right, we conclude that the Court of Appeals erred by concluding that both Anneewakee and Riedl were real parties in interest. The real party in interest is "the person, who, by the substantive governing law, has the right sought to be enforced." Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d, § 1543 (1990). Here, the substantive governing law is the law of assignment discussed above. See Wright, Miller & Kane, § 1545. Under the law of assignment, Anneewakee has the substantive right sought to be enforced; therefore, Anneewakee and not Riedl is the real party in interest for the claim seeking recovery of the expenses incurred at Anneewakee.

When an action is not being prosecuted by the real party in interest, a trial court should not dismiss the action "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." OCGA § 9-11-17 (a). Accordingly, on remand, the trial court should give Anneewakee a reasonable opportunity to ratify or join the action as to the claim for medical expenses incurred at Anneewakee or to be substituted for Riedl as to that claim.

4. For the foregoing reasons, we reverse the Court of Appeals' judgment in this case. Moreover, to the extent the cases on which the Court of Appeals relied in this case are inconsistent with this opinion, they are overruled.

*Judgment reversed and case remanded. All the Justices concur, except Thompson, J., who concurs in the judgment only and Hunstein, J., who dissents.*

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 21, 1994.

*Booth, Wade & Campbell, Douglas N. Campbell, Thomas A. Croft,* for appellant.
*Harry L. Trauffer,* for appellee.