A94A1050, A94A1091. LYKINS v. NATIONWIDE MUTUAL
INSURANCE COMPANY et al.
(448 SE2d 716)

Judge Harold R. Banke.

The appellant, Dicie Lykins, commenced this action against the Nationwide Mutual Insurance Company (Nationwide) for breach of contract, fraud, and bad faith, and against Joe Taylor and Frank Voyles for tortious interference with her contract with Nationwide. These appeals follow the trial court's grant of summary judgment for the defendants.

The appellant operated her own insurance agency for several years, and had contracted to sell insurance exclusively for Nationwide. Pursuant to that agreement, the appellant was entitled to extended earnings and deferred compensation upon the qualified termination of the contract. However, the appellant would forfeit her entitlement to those benefits in the event she induced or attempted to induce Nationwide policyholders to switch to another insurer, or failed to return all materials, records, and supplies furnished by Nationwide within ten days of the termination.

On October 5, 1990, the appellant submitted a letter of resignation to the appellee Taylor, Nationwide's regional manager, in which she indicated that she intended to operate her agency utilizing other insurance carriers. Consequently, Taylor transferred the appellant's book of business to the Nationwide agency operated by appellee

Voyles in Toccoa, Georgia. On November 2, 1990, Taylor received another letter from the appellant, dated October 10, 1990, in which the appellant retracted her resignation and instead declared her retirement from the insurance industry. She also requested payment of deferred compensation and extended earnings as provided in the agent's agreement. Nationwide began paying the appellant deferred compensation and extended earnings in December 1990 but terminated the benefits in May 1991 because of violations of the noncompetition provisions of the agent's agreement indicated above.

The appellant continued to operate her insurance agency until December 1, 1990, at which time she sold her office equipment to the Appalachian Insurance Agency (Appalachian), which was established by the appellant's daughter near where the appellant's agency had been located. The appellant's former office manager obtained the same position with Appalachian. In January 1991, the appellant received a check as a premium payment from a Nationwide policyholder, and she added her name as a payee and deposited the check into an Appalachian account. Eventually, Appalachian issued a check to the Nationwide subsidiary, but not before the policy had lapsed for nonpayment of premium.

Pursuant to the agent's agreement, the appellant returned certain policyholder files and other documentary materials to Nationwide after the termination of that agreement, but it is uncontroverted that she retained possession of some of those items. When the appellant retired, she transferred 100 to 125 Nationwide and subsidiary policies to the nearest Nationwide agency; approximately 81 of those policyholders cancelled or did not renew their policies after the transfer, and several of those policyholders obtained insurance through Appalachian.

1. In Case No. A94A1091, the appellant contends that Nationwide breached the agent's agreement by terminating payment of the security compensation benefits based on her alleged violations of the noncompetition provisions of that contract. However, regardless of any factual issues that may exist as to the possible violation of the other conditions to receipt of such benefits, it was uncontroverted that she failed to return all Nationwide materials, records, and supplies within ten days of the termination of the contract. That undisputed breach by the appellant authorized Nationwide to terminate the extended earnings and deferred compensation, and defeated the appellant's breach of contract claim asserted against Nationwide. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. The basis for the appellant's fraud claim appears to be that Nationwide persuaded her to retire instead of resign, so that it could apply the noncompetition provisions of the contract to terminate her entitlement to deferred compensation and extended earnings. How-

ever, the conditions to the receipt of that security compensation applied regardless of whether the termination of the contract occurred by resignation or by retirement.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort." (Citations and punctuation omitted.) *Coffee Butler Svc. v. Sacha*, 208 Ga. App. 4 (1) (430 SE2d 149) (1993).

In her complaint, the appellant alleged that Nationwide had misrepresented to her that she had violated the covenants in the contract by having an agent's license, being in the business of selling insurance, taking a company check, and possessing Nationwide materials and forms. Those allegations, which actually pertained to the issue of breach of contract, were incapable of supporting a fraud claim, as the specified representations were either true or, if false, surely known by the appellant to be false. Accordingly, the trial court also properly granted summary judgment for the appellees on this claim.

3. The appellant's claims against Joe Taylor and Frank Voyles for tortious interference with her business relationship with Nationwide were based on their reporting to Nationwide the appellant's possible violations of the noncompetition provisions of the agent's agreement.

" 'To establish a cause of action for tortious interference with existing and prospective contractual relations, a claimant must show that the defendant (1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury. . . .' [Cit.]" *Green v. Johnston Realty*, 212 Ga. App. 656, 659-660 (442 SE2d 843) (1994).

In the instant case, as regional manager for Nationwide, Joe Taylor was responsible for reporting matters that affected Nationwide's business interests, including the appellant's possible violations of the covenants contained in the agent's agreement at issue. With regard to the appellant's complaint that Frank Voyles had falsely reported that she retained possession of Nationwide forms and materials, assuming that Voyles or his agent did report such, it was no falsehood and there was no impropriety in reporting the matter. Under these circumstances, the trial court properly granted summary judgment for the appellees on these claims.

4. In Case No. A94A1050, the appellant contends that the trial court erred in denying her motion to compel discovery and in assessing attorney fees and costs against her for an abuse of discovery pro-

cess. During discovery, counsel for the appellant wrote a letter expressing dissatisfaction with the appellees' responses and objections to various discovery requests. Nationwide's attorney replied by letter, seeking clarification of the appellant's concerns and suggesting that the matter could be resolved by good faith discussion. However, without further contact, the appellant filed her motion to compel discovery.

Under Rule 6.4 of the Uniform Superior Court Rules, counsel for the party moving to compel must certify that he has conferred with opposing counsel in an effort to resolve the matter. *Fisher v. Bd. of Commrs. of Douglas County*, 200 Ga. App. 353 (408 SE2d 120) (1991). It is undisputed that counsel for the appellant failed to satisfy that requirement, and the trial court thus did not abuse its discretion in denying the motion to compel and assessing reasonable expenses against the appellant. OCGA § 9-11-37, generally; *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577 (359 SE2d 441) (1987).

*Judgments affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 22, 1994 —
RECONSIDERATION DENIED SEPTEMBER 6, 1994 —

L. B. Kent, Robert E. Richardson, for appellant.
Peyton S. Hawes, Jr., Alston & Bird, W. Scott Mayfield, Ronald L. Reid, Marilyn J. Thompson, for appellees.