S94G0450. STANDARD GUARANTY INSURANCE COMPANY
v. BUNDRAGE.
(452 SE2d 474)

HUNSTEIN, Justice.

We granted certiorari in this case, as respondent Roosevelt Bundrage stated in his brief before us, "to consider the effect of assignments of benefits in both tort and insurance cases." We have recently addressed these same issues in *Allianz Life Ins. Co. v. Riedl,* 264 Ga. 395 (444 SE2d 736) (1994), in which a majority of this Court rejected all of the arguments Bundrage raised regarding the effect of such assignments. Bundrage now asserts that the documents he executed were not assignments but instead were powers of attorney. However, a review of the record reveals that Bundrage did not deny the documents were assignments when that assertion was made by Standard Guaranty pursuant to USCR 6.5, and that on appeal from the trial court's order, which included the finding that Bundrage "assigned his right to collect benefits to his medical providers," Bundrage neither enumerated as error nor challenged in his Court of Appeals brief the trial court's finding in this regard.

Having conceded throughout the entire course of this litigation that the documents he executed were assignments, Bundrage cannot raise the argument for the first time in this Court or enlarge his enumerations to cover an issue not heretofore enumerated. See generally *Sumner v. First Union Nat. Bank,* 200 Ga. App. 729 (3) (409 SE2d 212) (1991); *Howard v. DeKalb County Jail Staff,* 205 Ga. App. 116 (1) (421 SE2d 309) (1992). Accord *Irvin v. Askew,* 241 Ga. 565 (2) (246 SE2d 682) (1978).

Division 2 of *Bundrage v. Standard Guar. Ins. Co.,* 211 Ga. App. 288 (439 SE2d 92) (1993) is contrary to *Allianz Life Ins. Co. v. Riedl,* supra, and is hereby reversed.

*Judgment reversed. All the Justices concur, except Sears and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

In this case, appellee-defendant insurer based its real party in interest defense upon appellant-plaintiff insured's purported assignment of benefits. However, it appears that, unlike the document in *Allianz Life Ins. Co. v. Riedl,* 264 Ga. 395 (444 SE2d 736) (1994), the insured's purported assignment may be a mere power of attorney. If the document is a mere power of attorney, rather than an assignment, then, as was recognized in *Allianz Life Ins. Co. v. Riedl,* supra at 396 (1), the insured would not be divested of the right to sue the insurer and the trial court erred in holding that the insurer's real party in interest defense was viable.

Because of the specificity of the insured's enumerations of error, I must, however, reluctantly agree with the majority that we cannot reach that issue in the context of this appeal. The insured did not have the benefit of our holding in *Riedl* when framing his enumerations of error. It is, therefore, understandable that his enumerations of error do not focus on the distinction between a mere power of attorney and an assignment. But, having otherwise framed his enumerations of error so specifically as to fail to incorporate this issue, the insured is precluded from raising it now.

Nevertheless, I cannot agree with the majority's conclusion that the judgment of the Court of Appeals must be reversed on the basis of *Allianz Life Ins. Co. v. Riedl,* supra. It is only under *the present posture* that the real party in interest issue in this case can be said to be "contrary" to *Riedl.* If and when the insured raises in the trial court the distinction between a power of attorney and an assignment, he may yet prevail on the merits of the insurer's real party in interest defense. I submit that the insured should have the opportunity to raise this distinction in the trial court, because in no event should the Court of Appeals' reversal of the grant of summary judgment in favor of the insurer on its real party in interest defense be reversed.

Division 1 of the Court of Appeals opinion holds that the trial court erred in granting summary judgment in favor of the insurer based upon the insured's failure to join an indispensable party, "since such a defense is a matter of abatement. [Cit.]" *Bundrage v. Standard Guar. Ins. Co.*, 211 Ga. App. 288, 289 (1) (439 SE2d 92) (1993). The majority implicitly recognizes that this procedural holding is correct. Accordingly, the judgment of the Court of Appeals reversing this erroneous judgment of the trial court should be affirmed.

The Court of Appeals did not end its inquiry with this correct procedural ruling. In Division 2 of its opinion, the Court of Appeals went further than was really required and addressed the merits of the insurer's real party in interest defense. The majority addresses Division 2 of the Court of Appeals opinion on the merits and concludes that it is controlled favorably to the insurer by our holding in *Riedl*, when in fact it may be controlled adversely to insurer by our holding in *Riedl*. Unlike the majority, I would construe Division 2 of the Court of Appeals opinion as dicta and, as such, vacate it with direction that the real party in interest issue be remanded for resolution in the trial court in accordance with our holding in *Riedl*.

Thus, I believe that the judgment of the Court of Appeals should be affirmed in part and vacated with direction in part. Insofar as the Court of Appeals reversed the grant of the insurer's motion for summary judgment on its real party in interest defense, I would affirm. Insofar as the Court of Appeals addressed the merits of that defense, I would vacate with direction that that issue be remanded for resolution in the trial court in accordance with *Riedl*.

I am authorized to state that Justice Sears joins in this dissent.

DECIDED NOVEMBER 21, 1994.

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy, McReynolds & Welch, Aubrey T. Villines, Jr.,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Robert M. Darroch, Daniel N. Meyer, Carl W. McCalla III,* for appellee.