A96A0767. BLUE CROSS & BLUE SHIELD OF GEORGIA, INC. v. BENNETT.

(477 SE2d 442)

ANDREWS, Judge.

Mariana Bennett sued Blue Cross & Blue Shield of Georgia, Inc. (Blue Cross), the administrator of her health insurance policy, seeking to recover a bad faith penalty and attorney fees under OCGA § 33-4-6 for Blue Cross's failure to pay a covered loss within 60 days after she demanded payment of benefits. We granted Blue Cross's application for an interlocutory appeal from the trial court's denial of its motion for summary judgment.

Bennett was covered by a health insurance plan administered by Blue Cross when she incurred the medical expenses at issue on or about August 25, 1992, at St. Joseph's Hospital. Prior to incurring the medical expenses, Bennett executed an assignment of benefits document which stated: "I hereby irrevocably assign and transfer to St. Joseph's Hospital, Inc. all benefits and payments now due and payable or to become due and payable to me under any insurance policy . . . for this or any other period of hospitalization and related outpatient care." Thereafter, from September 1992 through March 1994 Bennett made various demands for payment from Blue Cross for the benefits due under her health insurance policy for the incurred medical expenses, but Blue Cross refused payment. On October 11, 1994, Bennett filed the present suit against Blue Cross seeking payment of the benefits plus a bad faith penalty and attorney fees under OCGA § 33-4-6. Four days prior to the date the suit was filed, St. Joseph's Hospital reassigned Bennett the right to receive the benefits due under the Blue Cross policy. While the suit was pending, Blue Cross tendered payment of the benefits at issue on April 6, 1995.

Because the document executed by Bennett constituted an assignment of contractual benefits under the Blue Cross policy to the hospital, it transferred the cause of action for the benefits to the hospital and divested Bennett of the right to bring an action against Blue Cross under the insurance policy. *Allianz Life Ins. Co. &c. v. Riedl*, 264 Ga. 395, 396-398 (444 SE2d 736) (1994).[1] Moreover, in the

---

[1] *Riedl*, supra, was decided on June 27, 1994, and overruled existing case law holding that Bennett's assignment of benefits did not divest her of a cause of action for the benefits.

absence of any contrary intention, the assignment also transferred to the hospital all ancillary remedies and rights of action which Bennett had or would have had as incidents to the cause of action for the benefits. Id. at 397. Accordingly, until Bennett obtained the reassignment of the cause of action for the benefits four days prior to bringing the present action, she had no right, title, or interest in the assigned benefits and no right to demand that such benefits due under the policy be paid to her or to the hospital. See id. at 398.

The language of OCGA § 33-4-6 does not require a different conclusion. Under OCGA § 33-4-6, an insurer is subject to imposition of a penalty and attorney fees if it refuses in bad faith to pay a covered loss "within 60 days after *a demand has been made by the holder of the policy. . . .*" (Emphasis supplied.) After Bennett assigned the right to the benefits at issue to St. Joseph's Hospital, the hospital, in effect, became the holder of the policy for all purposes related to enforcing the right to the assigned benefits under the policy, including the right to demand payment of the assigned benefits under OCGA § 33-4-6. After the assignment, Bennett remained the holder of the policy for all other purposes. Thus, until the hospital reassigned the benefits to Bennett, it was the holder of the policy under OCGA § 33-4-6 for the purpose of demanding payment of the assigned benefits by Blue Cross. Although it is also possible to construe OCGA § 33-4-6 as referring exclusively to Bennett as the named holder of the insurance policy, a construction of the statute which recognizes the assignee of benefits as the holder of the policy is preferable under the present facts because it conforms the operation of the statute to the common law applicable to assignments. *Riedl*, supra at 397-398; *Intl. Indem. Co. v. Bakco Acceptance*, 172 Ga. App. 28, 32 (322 SE2d 78) (1984).

Not until the right to the assigned benefits was reassigned to Bennett four days before filing suit against Blue Cross did she become entitled to demand payment of the benefits under OCGA § 33-4-6. Earlier demands for payment by Bennett made when the right to benefits was assigned to the hospital were ineffective to invoke the provisions of OCGA § 33-4-6. Under OCGA § 33-4-6, Bennett was required to demand payment at least 60 days before filing suit for a bad faith penalty and attorney fees. *Guarantee Reserve Life Ins. Co. &c. v. Norris*, 219 Ga. 573 (134 SE2d 774) (1964). It follows

---

Id. at 396-398. Although *Riedl* was decided after Bennett's assignment of benefits in August 1992 and after her demands to Blue Cross for payment of benefits from September 1992 through March 1994, the June 1994 decision in *Riedl* was rendered over three months prior to Bennett's October 1994 suit against Blue Cross. Accordingly, Bennett was charged with notice of the new rule established in *Riedl* when she filed suit, and, in fact, she obtained a reassignment of benefits from St. Joseph's Hospital prior to filing suit. We find no merit in Bennett's contention that *Riedl* should not be "retroactively" applied to this case.

that, since Bennett filed suit only four days after the right to the benefits was reassigned to her, no proper demand for payment was made under OCGA § 33-4-6, and Blue Cross was not liable for a bad faith penalty and attorney fees.[2] Since it is undisputed that Blue Cross tendered the full amount of the benefits due under the policy after the suit was filed, no claim for payment of benefits remains, and Blue Cross was entitled to summary judgment on Bennett's remaining claim for damages under OCGA § 33-4-6.

*Judgment reversed. Senior Appellate Judge Harold R. Banke concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

I agree that Bennett cannot recover bad faith penalties and attorney fees under OCGA § 33-4-6, but my reasoning differs from that of the majority, particularly with respect to footnote 1 and the effect of *Allianz Life Ins. Co. v. Riedl*, 264 Ga. 395, 397-398 (2) (444 SE2d 736) (1994) on this case.

From September 1992 through March 1994, Bennett made demands for payment of benefits from defendant insurer. The insurer refused these demands, since Bennett had assigned her benefits to the medical care provider. In *Riedl*, decided June 27, 1994, the Supreme Court validated the insurer's position, holding that "an assignment of benefits by an insured does divest the insured of the right to bring an action against the insurer." 264 Ga. at 397 (2).

In its first footnote, the majority states that *Riedl* overruled clear law to the contrary, but holds that *Riedl* nonetheless controls this case because it was the law by the time Bennett's lawsuit was filed — even though it was not the law at the time the demands were made and refused. With this holding I cannot agree. Rather, if the insurer had been contravening clear, existing law at the time it refused Bennett's demands, it should be subject to bad faith penalties and attorney fees under OCGA § 33-4-6, regardless of a subsequent change of law in its favor.

The Supreme Court in *Riedl* did *not* overrule clear law that an assignor of benefits retained the right to demand those benefits, however. Instead, it applied already existing principles of assignment law to the specific context of the assignment of medical benefits; and in doing so it noted that the law in this area had previously been unclear. 264 Ga. at 397.

---

[2] Bennett apparently made similar assignments of benefits to two other medical service providers prior to incurring the medical expenses at issue, but these assignments were not made a part of the record. Nevertheless, it is undisputed that Bennett did not obtain reassignments from these providers until August 18 and 25, 1994, after her latest demand for payment, and less than 60 days prior to the date suit was filed.

Thus, the insurer was not contravening clear, existing law at the time it refused Bennett's demands. As an insurer is not liable for penalties and fees under OCGA § 33-4-6 where there is a doubtful question of law, see *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 769 (4) (417 SE2d 671) (1992), I therefore agree that the denial of insurer's motion for summary judgment should be reversed.

DECIDED OCTOBER 23, 1996.

*Inglesby, Falligant, Horne, Courington & Nash, Sam P. Inglesby, Jr., James F. Shehane IV*, for appellant.

*Middleton, Mixson, Orr & Adams, Richard H. Middleton, Jr., Mark A. Tate*, for appellee.