## A10A2180. PHILLIPS v. SELECTO SCIENTIFIC.
### (707 SE2d 615)

SMITH, Presiding Judge.

Andrew Phillips appeals from the trial court's dismissal of his complaint for breach of contract against Selecto Scientific ("Selecto"), on the ground that he is not a real party in interest.[1] Phillips also appeals from the trial court's rulings regarding discovery and the award of attorney fees to Selecto. For the following reasons, we reverse the trial court's dismissal of Phillips's complaint, but affirm the trial court's ruling with respect to discovery and the award of attorney fees.

The record reveals that Selecto offered Phillips six months of employment beginning on February 15, 2007. Phillips claims that he accepted the offer and worked for Selecto for three-and-a-half months when he was terminated. Phillips sued Selecto for, among other things, breach of contract and sought damages of $13,900, the amount he claimed was remaining under the employment agreement.[2] Selecto moved to dismiss Phillips's complaint on the ground that he was not a proper party to the lawsuit because he had assigned his payments under the employment agreement to ParSigma, a LLC in which Phillips was the only principal. The trial court granted the motion concluding that

[b]ased upon the deposition transcript of [Phillips], wherein [Phillips] admitted that he assigned all rights to payments under the subject contract to ParSigma and/or Par-Technology, LLC, the Court finds that [Phillips] is not the real party in interest to institute the action and therefore lacks standing.

1. Phillips first argues that the trial court erred in ruling that he does not have standing to bring his breach of contract action. We agree.

It is well settled that every action shall be prosecuted in the name of the real party in interest. Thus, a person may only challenge a ruling that has adversely affected his or her own rights. And, as a general rule, standing must be determined at the time at which the plaintiff's complaint is filed in

---

[1] Phillips also named Selecto's CEO Terry Libin as a defendant, but subsequently dismissed his claims against Libin.

[2] Phillips claimed damages of $17,000 in his deposition.

order to place an actual case or controversy within the purview of the court.

(Citation, punctuation and footnotes omitted.) *Associated Credit Union v. Pinto*, 297 Ga. App. 605, 606 (677 SE2d 789) (2009); see OCGA § 9-11-17 (a). "The real party in interest is the person, who, by the substantive governing law, has the right sought to be enforced." (Citation and punctuation omitted.) *Allianz Life Ins. Co. &c. v. Riedl*, 264 Ga. 395, 398 (3) (444 SE2d 736) (1994). And when an action has not been instituted by the real party in interest, it shall not be dismissed until after a reasonable time is allowed for the joinder or substitution of the real party in interest. OCGA § 9-11-17 (a).

Phillips deposed that he created ParSigma at the advice of his accountant. He first stated that his work for Selecto was assigned to ParSigma or Par-Technology, another LLC he created. He later clarified, however, that he personally did the work for Selecto, but assigned the payment for the work to ParSigma: "I meant that I assigned the payment for them to pay me through ParSigma or Par-Technology." Tax documents in the record reveal that Selecto paid ParSigma $53,300 in 2007, apparently for Phillips's services.

"An assignment is an 'absolute, unconditional, and completed transfer of all right, title, and interest in the property that is the subject of the assignment . . . , with the concomitant total relinquishment of any control over the property.' " (Citation omitted.) *Allianz*, supra, 264 Ga. at 398 (2). The facts of this case are similar to the facts in *Hodgskin v. Markatron, Inc.*, 185 Ga. App. 750 (365 SE2d 494) (1988). In that case, the plaintiff, Hodgskin, sued the defendant, Markatron, to recover sales commissions allegedly due under an employment contract. Id. at 751-752 (3).

> In support of its motion, Markatron submitted the affidavit of its president, Titus, stating "it was [his] understanding" that Hodgskin's right to commission payments "as well as all other rights she had under her employment agreement with Markatron had been assigned to Hodgskins [sic] Enterprises, Inc." because of a letter signed by Hodgskin and her husband. The letter contained the statement that any sums from Markatron made payable personally to Hodgskin in the past and all payments in the future would "be treated as outside services paid to Hodgskin Enterprises, Inc." Both Hodgskin and her husband averred in affidavits that no assignment of any rights to Hodgskin Enterprises, Inc. had occurred nor was such an assignment intended to result from the letter they signed which, they asserted, was

intended instead to obviate the requirement that Marka-tron withhold F.I.C.A. and other sums from Hodgskin's commission payments.

Id. This court held that there was an absence of evidence establishing outright assignment. Id. at 752 (3).

Assuming Phillips's employment agreement with Selecto was valid and enforceable, Phillips assigned payment under the agreement to ParSigma. But Phillips did not assign to ParSigma his right, title, and interest under the employment agreement. Moreover, for the contract to be enforced by ParSigma, the assignment would have to be in writing. See *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009) ("A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee.") (citation and punctuation omitted). Under these circumstances, without a showing that Phillips assigned his right, title, and interest in the employment contract to ParSigma, we must conclude that the trial court erred in dismissing Phillips's complaint on the ground that he is not a real party in interest.

2. In two enumerations, Phillips argues that the trial court erred in finding that he did not meet the good faith requirement of Uniform Superior Court Rule ("USCR") 6.4 (B) for filing a motion to compel and a motion for sanctions and in denying those motions on that ground. "[A] trial court is granted broad discretion under the discovery provisions of the Civil Practice Act, and an appellate court will not interfere with the court's exercise of its discretion absent clear abuse." (Citations, punctuation and footnote omitted.) *Bd. of Regents &c. v. Ambati*, 299 Ga. App. 804, 810 (4) (685 SE2d 719) (2009).

USCR 6.4 (B) provides:

> Prior to filing any motion seeking resolution of a discovery dispute, counsel for the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the matters involved. At the time of filing the motion, counsel shall also file a statement certifying that such conference has occurred and that the effort to resolve by agreement the issues raised failed. . . .

The trial court, in denying the motions, found that Phillips's counsel did not respond to Selecto's counsel's offer to meet prior to his filing the motions to compel and for sanctions, and that he scheduled a deposition on a date that Selecto's counsel had informed

him Selecto would be unavailable. The court's ruling is supported by evidence in the record and testimony given at the hearing on the motions. Phillips's counsel stated that he offered to take Selecto's counsel to lunch. His offer was 13 days before he filed the motion to compel, and a month and a half before he filed the motions for sanctions. Phillips admitted that Selecto's counsel offered instead to meet for coffee and that he did not respond to her offer. Also, Selecto's counsel testified that Phillips's counsel filed the motion to compel without first informing her of the alleged deficiencies in Selecto's production.

The parties also had difficulty scheduling the deposition of Terry Libin, CEO of Selecto, who was originally a party to the lawsuit, but was dismissed. Although Selecto's counsel initially e-mailed Phillips's counsel on December 20, 2007, that Libin would be available to be deposed on February 6, 2008, she told him in late January that Libin would not be available on that date, but that Libin would be available the last week in February. Selecto's counsel stated that when she attempted to reschedule the deposition, Phillips's counsel told her he would not schedule another one until he had a hearing.

Phillips's counsel stated that he never personally talked to Selecto's counsel until the day of the hearing. Selecto's counsel stated that she had spoken to Phillips's counsel one or two times since the lawsuit was filed, but that he "became very hostile and belligerent very early on." She explained that for that reason, she responded to many of his voice messages by e-mail.

After reviewing the record before us, we cannot say that the trial court abused its discretion in finding that Phillips did not satisfy the good faith requirement of USCR 6.4 (B) and in denying his motion to compel and motion for sanctions on this ground. See *Ambati*, supra, 299 Ga. App. at 811-812 (4) (a); see also, e.g., *Lykins v. Nationwide Mut. Ins. Co.*, 214 Ga. App. 577, 580 (4) (448 SE2d 716) (1994) (court did not abuse its discretion in denying motion to compel where counsel failed to certify that he conferred with opposing counsel in an effort to resolve matter); compare *Mansell 400 Assoc. v. Entex Information Svcs.*, 239 Ga. App. 477, 481 (5) (519 SE2d 46) (1999) (good faith shown where counsel for movant sent letter explaining why discovery responses were inadequate and counsel for opposing party did not respond).

3. Phillips challenges the trial court's award of attorney fees to Selecto pursuant to OCGA § 9-11-37 (a) (4) (B) ("If the [discovery] motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees."). Because we have held in Division 2 that the trial

court did not abuse its discretion in denying Phillips's motions to compel and for sanctions because Phillips did not satisfy the good faith requirement of USCR 6.4 (B), we cannot say that the award of attorney fees to Selecto as authorized by OCGA § 9-11-37 (a) (4) (B), was improper. See *Ambati*, supra; *Lykins*, supra.

4. Phillips's remaining enumerations are rendered moot by our holding in Division 1.

*Judgment affirmed in part and reversed in part. Mikell and Adams, JJ., concur.*

DECIDED MARCH 15, 2011.

*Michael O. Mondy*, for appellant.
*Ichter Thomas, Cary Ichter, Patricia A. Roy*, for appellee.